AMERICAN TRUST & SAVINGS BANK OF HAMMOND ET AL. v. FEDERAL RESERVE BANK OF CHICAGO.

[No. 26,554. Filed March 6, 1936.]

*Wilson & Wilson,* for appellant.

*Tinkham & Galvin,* for appellee.

FANSLER, J.—Appellee filed an intervening petition in the action in which the appellant receiver was appointed, asking that a claim against the American Trust & Savings Bank of Hammond be allowed as preferred against the assets in the hands of the receiver.

It appears that appellee forwarded to the American Trust & Savings Bank, for collection and remittance, by Chicago exchange, $21,722.76 of checks, drawn on the latter bank. All of said checks, except $413.92, were charged on the books of the latter bank to the accounts

of the respective drawers, and a draft drawn on the First National Bank of Chicago for $21,306.22 was issued and sent to appellee. After the draft was issued, and before it was presented for payment, the American Trust & Savings Bank failed, and was closed by the state bank examiner, and for this reason payment of the draft was refused.

It is provided by section 13 of the Bank Collection Code Act (Acts 1929, ch. 164, p. 514; Burns' Supp. 1929, §3861.13) that: "When a drawee or payor bank has presented to it for payment an item or items drawn upon or payable by or at such bank and at the time has on deposit to the credit of the maker or drawer an amount equal to such item or items and such drawee or payor shall fail or close for business as above, after having charged such item or items to the account of the maker or drawer thereof or otherwise discharged his liability thereon but without such item or items having been paid or settled for by the drawee or payor either in money or by an unconditional credit given on its books or on the books of any other bank, which has been requested or accepted so as to constitute such drawee or payor or other bank debtor therefor, the assets of such drawee or payor shall be impressed with a trust in favor of the owner or owners of such item or items for the amount thereof. . . ."

The facts shown meet the statutory requirements for a preference. The items were not paid or settled for. The draft or check was not payment or an unconditional credit, and therefore the claim was properly allowed as preferred. *Farmers National Bank, etc.* v. *Rottger, Receiver, etc.* (1936), *ante* 632.

Judgment affirmed.